UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>RUTH JONES,<br><br>       Debtor | Bankruptcy Case (Chapter 11)<br>No.: 09-51596 (AHWS) |
| RICHARD COAN, TRUSTEE,<br><br>       Movant,<br><br>V.<br><br>FAIRFIELD COUNTY BANK CORP., RIDGEFIELD BANK MORTGAGE CORPORATION, BANK OF AMERICA, N.A., BAC HOME LOAN SERVICING, L.P., CONNECTICUT COMMUNITY BANK, N.A., WELLS FARGO BANK F/K/A FIRST UNION NATIONAL BANK, CUSTOMERS BANK F/K/A USA BANK, N.A., CARLOS SEVERINO, AND MERS/DEVON KAY CAPITAL, LLC,<br><br>       Respondents. | CIVIL CASE NO.: 3:12-CV-1476 (CSH)<br><br>MARCH 3, 2014 |

**RULING ON MOTION TO DISMISS APPEAL**

<u>HAIGHT</u>, Senior District Judge:

    In this action, Ruth Jones, as debtor and party in interest, appeals pursuant to 28 U.S.C. § 158(a)(1) from an order of Judge Alan Shiff of the United States Bankruptcy Court for the District of Connecticut, approving a sale of property of her estate on or about September 14, 2012. At this time, Richard Coan, trustee of Jones's bankruptcy estate, moves to dismiss her appeal due to her

1

failure to prosecute.[1]  Doc. 24.   The deadline for Jones to file her brief on appeal expired on March 29, 2013. Doc. 22.  Despite a series of Court-approved motions for extension of time, appellant has failed to file her brief and/or to provide the Court with good cause for said failure. [2]

In moving to dismiss Jones's appeal, movant and trustee Coan has informed the Court that all of the property in the bankruptcy estate at issue "has been sold, and is now owned by bona fide purchasers for value pursuant to bankruptcy court orders." Doc. 24, ¶ 6.  As Coan asserts, pursuant to 11 U.S.C. § 363(m), where "an entity that purchased or leased such [bankruptcy] property [did so] in good faith," an appeal seeking "reversal or modification . . . of an authorization of a sale or lease of property does not affect the validity of [said] sale or lease."  In other words, at this point, if the purchases were made in good faith pursuant to authorization by a bankruptcy court under 11 U.S.C. § 363 (b) or (c), appellant may no longer be able to obtain the relief she seeks in this action.  *See, e.g.*, *In re Gucci*, 105 F.3d 837, 840 (2d Cir. 1997) ("[R]egardless of the merit of an appellant's challenge to a sale order, [the court] may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted."), *cert. denied sub nom.*, *Paolo Gucci Design Studio, Ltd. v. Sinatra*, 520 U.S. 1196 (1997).  *See also In re Hutter*, No. 3:98-CV-1156 (DJS), 2001 WL 34778750, at *2 (D.Conn. April 4, 2001) ("Such sale is final . . . and pursuant to 11 U.S.C. § 363(m), the court 'may neither reverse nor modify the

---

[1]  Coan  brings this motion "by  and  through his attorneys, Coan, Lewendon, Gulliver & Miltenberger, LLC, pursuant to Fed. R. Bankr. P. 8011" [Doc. 24], which specifies the procedure and contents for motions with respect to bankruptcy appeals.  *See* Fed. R. Bankr. P. 8011(a).

[2]  Appellant filed seven motions for extension of the deadline to file her brief.  *See*  Doc. 8, 10, 12, 14, 17, 20, & 21.  The Court granted three of these motions.  *See* Doc. 15, 18, & 22.  Denials of the remaining motions were based on deficiencies in form [Doc. 9, 11, & 13], and mootness [Doc. 22].

judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted.'") (quoting *Gucci*, 105 F.3d at 840).  In sum, this appeal may be "moot because the 'court has no remedy that it can fashion even if it would have determined the issues differently.'" *Gucci*, 105 F.3d at 840 (quoting *In re Stadium Mgmt. Corp.*, 895 F. 2d 845, 847 (1st Cir. 1990)).

In any event, the Court need not determine whether appellant's claim is in fact moot because, given the totality of circumstances, her failure to prosecute warrants dismissal.  Rule 8009, Fed. R. Bankr. P., provides that "the appellant shall serve and file a brief within 14 days after entry of the appeal on the docket."  Because such "time limitations 'are not jurisdictional, . . . the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines.'" *In re Romaniello*, 265 B.R. 349, 351 (D.Conn. 2001) (quotiong *In re Tampa Chain Co.*, 835 F.2d 54, 56 (2d Cir.1987) (per curiam)). "Instead, the Court must exercise discretion to determine whether dismissal is appropriate in the circumstances." *Romaniello*, 265 B.R. at 351. "Factors to consider include whether there has been a showing of bad faith, negligence, or indifference." *Id. See also In re Futterman*, Nos. 93 B 43718(CB), 99–CV–8793 (DAB), 2001 WL 282716, *3 (S.D.N.Y. Mar. 21, 2001) ("where the Appellant's failure to file a brief is at issue, the Court must use its 'discretion to determine whether dismissal is appropriate in the circumstances', including where the Appellant has acted in bad faith, negligently, indifferently, or with dilatoriness") (quoting *In re MacInnis*, No. 98 Civ. 2894 (SAS), 1998 WL 409726, at *3 (S.D.N.Y. July 21, 1998)); *accord In re Godt*, 282 B.R. 577, 582-83 (E.D.N.Y. 2002); *In re Frank Santora Equip. Corp.*, 227 B.R. 206, 208 (E.D. N.Y. 1998).

District Courts within this Circuit "have dismissed appeals for an apellant's complete failure

to file a brief, as opposed to a late filing." *Futterman*, 2001 WL 282716, at *3 (collecting cases).[3] Moreover, some "district courts routinely dismiss bankruptcy appeals based upon prolonged delays in submitting appellate briefs." *In re Gluck*, No. 03–CV–1905 (FB), 2003 WL 22324898, at *1 (E.D.N.Y. Oct. 10, 2003) (holding "appellant's neglect of this appeal for almost five months clearly warrants dismissal").[4] Thus, where an appellant acts in bad faith or is negligent, indifferent, or dilatory, the district court has discretion to dismiss his or her appeal for failure to file a brief within the allotted time.[5]

In the case at bar, appellant moved seven times for an extensions to file her brief. *See* Doc. 8, 10, 12, 14, 17, 20, & 21. The Court granted three of these motions, extending her filing deadline from October 30, 2012 to December 14, 2012, to January 31, 2013, and finally to March 29, 2013. *See* Doc. 15, 18, & 22 and n. 2, *supra*. Despite this series of extensions, appellant has failed to file

---

[3] The *Futterman* court cited, *inter alia* : *In re Vega*, No. 93 CIV. 0083 (LLS), 1995 WL 254368 at *2 (S.D.N.Y. May 1, 1995) (holding dismissal appropriate where appellant failed to file appellate brief); *Adler* v. *Bancplus Mortg. Corp.,* 108 B.R. 435, 438 (S.D.N.Y. 1989) (holding dismissal appropriate where party never filed brief and failure to file was "only the latest in a long series of dilatory tactics"); *First Nat'l Bank of Maryland v. Markoff*, 70 B.R. 264, 265 (S.D.N.Y. 1987) ("[W]here a party has exhibited a consistent pattern of dilatoriness throughout a proceeding . . . courts have not hesitated to resort to dismissal.").

[4] *See also In re Freidas*, No. 94–CV–2687, 1996 WL 622210, at *1 (E.D.N.Y. Oct. 23, 1996) (two-month delay); *In re Mangano*, No. 95–CV–1027, 1996 WL 599717, at *1 (E.D.N.Y. Oct. 16, 1996) (six-month delay).

[5] *See, e.g., In re Frank Santora Equip. Corp.*, 227 B.R. 206, 209-10 (E.D.N.Y. 1998) (finding that appellants "acted with negligence, indifference and dilatoriness combined with an intentional decision not to proceed" where they "never filed appellate briefs, much less within the time period specified in Rule 8009" and failed to attend a conference with the court, "the purpose of which was to inquire as to their reason for failing to prosecute the appeals"); *In re Negosh*, No. 09–CV–1479 (JS), 2010 WL 1260155, at *2-3 (E.D.N.Y. Mar. 30, 2010) (granting appellee's motion to dismiss appeal where appellant "made no attempt at going forward with the appeal, despite the Court's attempt to grant her every opportunity to do so").

her brief for almost 10 months after the last set deadline, March 29, 2013. Doc. 22. Such failure, following numerous extensions, suggests negligence and perhaps even bad faith, warranting dismissal.

Furthermore, in October of 2013, more than 6 months after her brief was due, appellant was prompted by the Court to either file her brief or provide the Court with an explanation. She once again failed to respond. Specifically, on October 9, 2013, pursuant to this Court's Local Rule 41(a), the Clerk of the Court issued Jones a Notice [Doc. 23], advising her that her action was subject to dismissal for failure to prosecute unless she provided the Court with a satisfactory explanation "within twenty (20) days." *See* D. Conn. L. Civ. R. 41(a). To date, more than four months have elapsed since the Clerk issued that Notice and yet Jones has taken "no action" and has provided "no satisfactory explanation . . . to the Court." D. Conn. L. Civ. R. 41(a). In general, in a civil action before this Court, appellant's failure to respond would result in dismissal for failure to prosecute. *Id.* *See also* Fed. R. Civ. P. 41(b) (allowing involuntary dismissal "if the plaintiff fails to prosecute or to comply with these rules or a court order").

In this bankruptcy appeal, the Court may, and in this case will, exercise its discretion to dismiss Jones's appeal. Jones was given ample time, including numerous requested extensions, to file her appellate brief and completely failed, without explanation, to do so. In October 2013, she was reminded to file her brief or to provide the Court with an explanation for her failure to file. If, given the sale of the property at issue, she has made a deliberate choice not to pursue her appeal, she has failed to inform the Court and/or withdraw her action. She has thus acted either in bad faith, negligently, indifferently, or with dilatoriness. *See Tampa Chain*, 835 F.2d at 56 (upholding dismissal where appellants "filed no brief for some seven months after the due date," "their attorney

offered no explanation or excuse for their failure to file a brief," and "the district court dismissed for failure to prosecute only after it had inquired as to the reason for the failure to file and was given no explanation."). Under these circumstances, trustee Coan's motion to dismiss Jones's appeal is GRANTED. The appeal of Ruth Jones is DISMISSED WITH PREJUDICE. The Clerk is directed to close the file.

    It is So Ordered.

    Dated:  New Haven, Connecticut
           March 3, 2014

                                          */s/Charles S. Haight, Jr.*
                                          CHARLES S. HAIGHT, JR.
                                          Senior United States District Judge